UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-108-DLB

DEVONTAE WESSON                                               PETITIONER

VS.                          **MEMORANDUM ORDER**

WARDEN LEMASTER                                       RESPONDENT

*** *** *** ***

Federal inmate Devontae Wesson filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible for First Step Act (FSA) time credits. (Doc. # 1). The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Wesson's petition. (Doc. # 7). This matter is therefore ripe for a decision.

The Court has fully reviewed the parties' submissions and will **deny** Wesson's request for relief. As an initial matter, the U.S. Attorney's Office represents that Wesson was convicted of multiple federal crimes in the Northern District of Ohio, including but not limited to distribution of cocaine base, distribution of heroin, possession with the intent to distribute fentanyl, and possession of a firearm in furtherance of a drug trafficking crime. (*See* Docs. # 7 and 7-1). The latter conviction was a violation of 18 U.S.C. § 924(c). (*See id.*). Wesson was ultimately sentenced to a total of 111 months in prison. (*See id.*).

The Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes convictions under § 924(c) as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxii). Given Wesson's conviction under § 924(c), the BOP correctly determined that he was ineligible to earn FSA time credits.[1]  (*See* Doc. # 7-1 at 3).

As best as the Court can tell, Wesson suggests that subsection xxii somehow does not apply to his case based on his reading of that statute. (*See* Doc. # 1-1). However, Wesson's argument is exceedingly difficult to follow, and, as the U.S. Attorney's Office argues, his "strained reading" would appear to render subsection xxii meaningless. Moreover, Wesson has not clearly identified any case law or other legal authority to support the position that he is eligible for FSA time credits notwithstanding his conviction under § 924(c). And while Wesson offers other arguments in support of his petition—including those related to his PATTERN score, the Fifth and Sixth Amendments to the United States Constitution, and the Constitution's prohibition on ex post facto laws—those arguments are likewise unavailing for the reasons stated by the U.S. Attorney's Office. (*See* Doc. # 7 at 5).

---

[1] As the U.S. Attorney's Office correctly points out, Wesson is also ineligible to earn FSA time credits given his fentanyl-related conviction. (Doc. # 7 at 1 (citing 18 U.S.C. § 3632(d)(4)(D)(lxvi))).

Accordingly, it is **ORDERED** as follows:

(1) Wesson's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 12th day of February, 2024.



Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\Wesson 0-23-108 Memorandum.docx